## ANDRUS v YOUNGSTOWN MUNICIPAL RY CO

Ohio Appeals, 7th Dist, Mahoning Co

Decided March 8, 1929

Mr. John J. Boyle, Youngstown, for Andrus.

Messrs. Harrington, DeFord, Huxley & Smith, Youngstown, for Youngstown Municipal Ry Co.

FARR, J.

Upon a review of the testimony it seems clear that Mrs. Andrus was injured in this collision at least to some extent. To what extent it is not necessary to determine at this time, and the fact that she had recovered personally for the injuries that she sustained does not affect the right of the husband to recover for loss of her services by reason of the same injuries. This verdict was rendered by the jury, as already stated, regardless of the fact that it is practically conceded that if injuries were sustained that the liability of the company is not denied. True, she was later injured in an accident, but it is not shown that such injuries are the basis of the recovery sought by the husband.

As to the next proposition, that domestic trouble had arisen between husband and wife, it is disclosed that in behalf of the defendant below the pleadings in a divorce action were offered and received in evidence, by which it is disclosed that an action for divorce had been brought and answer and cross petition filed to the petition, but it is also disclosed that in about five months following the injuries that a reconciliation took place between the husband and wife and that they were again living together. At the time of trial about four years had intervened between the date of the injury and the trial; therefore, the temporary separation for the five months period would not bar the husband's right to recover for loss of services after the expiration of that period and when they were again living together. As to the right of recovery under such circumstances there can be no question, under the rule announced in **Railway Company v. Glenn, 68 OS., 395.**

This principle is adhered to in the case of **Smith v. Building Company, 93 OS., 104.**

It is alleged in the petition that there had been incurred or paid various accounts such as the doctor bills of Drs. Deitchman, Mariner and Speck, for X-ray pictures, for the services of the wash-woman and other necessities; therefore, the conclusion reached is that this record discloses certain injuries to the wife; that these injuries, so far as the testimony goes to show, did affect her ability to attend to her household duties, and after the expiration of the five months period during which they were separated and for which the husband seeks to recover. Therefore, there was at least the right of the recovery of some amount since the liability of the defendant company is practically conceded.

The conclusion is, therefore, that the verdict and judgment are against the weight of the evidence, and the judgment is reversed and the cause remanded.

Pollock and Roberts, JJ, concur.